**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| KEVIN J. PAUL, SR. and GLORIA BYNES, | ) | |
| Plaintiffs, | ) | |
| v. | ) | CV420-004 |
| CHEDDAR'S SCRATCH KITCHEN and DARDEN RESTAURANT, INC., | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiffs Kevin J. Paul, Sr. and Gloria Bynes brought this Complaint alleging discrimination in violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, *et seq*. Docs. 1 and 10. At the direction of the Court, plaintiffs filed an Amended Complaint.[1] Doc. 8. The Court granted plaintiffs' request to

[1] Plaintiffs' Amended Complaint is signed only by Kevin J. Paul, Sr. and not by Gloria Bynes. Doc. 8 at 2. The Federal Rules of Civil Procedure require that pleadings be signed by either each individual plaintiff or their counsel. Fed. R. Civ. P. 11(a). As no claim survives this screening, it is not necessary for the parties to correct this defect.

pursue this case *in forma pauperis* (IFP), doc. 9, and now screens the Complaint pursuant to 28 U.S.C. §1915(e)(2).[2]

**Background**

Plaintiffs are African Americans. Doc. 10 at 1. On September 28, 2018, they dined at defendant Cheddar's Scratch Kitchen in Savannah, Georgia. *Id*. Plaintiffs requested to be seated in a specific area of the restaurant but were told that it was unavailable. *Id*. at 2. They were instead seated at a different table, where they ordered and received drinks. *Id*.

A white couple with a small child arrived at the restaurant shortly after plaintiffs. *Id*. Though not clearly stated in the complaint, the Court presumes that the white patrons were seated in the area originally requested by plaintiffs. The table given to the white patrons was "exactly the same size" as that given to the plaintiffs; though, the location of the table caused the child's highchair to obstruct movement through the

[2] Pursuant to 28 U.S.C. §1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that the action or appeal (i) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B).

restaurant. *Id.* Plaintiffs also allege that a white staff member was permitted to clock in to accommodate the white patrons.[3] *Id.*

When plaintiffs complained that they were not seated in the requested area, a manager on duty advised that similar incidents had occurred in the past. *Id.* The manager did not charge plaintiffs for their food and drink. *Id.* They also received approximately $700 in gift cards from defendant Darden Restaurants, the parent company to Cheddar's Scratch Kitchen.[4] *Id.*

**DISCUSSION**

Plaintiffs' original Complaint specifies that their claim is brought under "Section 2000a of Title 42, Chapter 21 (US Code 42 U.S.C. 21)," which is more commonly referred to as Title II of the Civil Rights Act of 1964. Doc. 1 at 3. Though the Complaint seeks $5,000,000 in total

---

[3] The Court struggles to understand the relevance that plaintiffs place on this allegation, as it appears to conflict with the original Complaint. In countering defendants' explanation that the seating request was denied because there were only "four people on the clock," plaintiffs alleged that "several white staff" were in the restaurant. Doc. 1 at 4–5. Regardless of plaintiffs' intention, neither the Complaint nor Amended Complaint include any allegation that plaintiffs' seating was based on the race of their server.

[4] Plaintiffs' Amended Complaint references offers made by defendants to settle this matter. Such statements are not admissible evidence. *See* Fed. R. Evid. 408. Since they are inadmissible, they are irrelevant to the plaintiffs' pleading burden. Accordingly, they were not considered in evaluating the viability of plaintiffs' claims.

damages, Title II provides only for injunctive and declaratory relief.[5] 42 U.S.C. § 2000a-3(a); *Newman v. Piggie Park Enter., Inc.* 390 U.S. 400, 401–02 (1968) ("A Title II suit is thus private in form only. When a plaintiff brings an action under that Title, he cannot recover damages."). When inviting plaintiffs to amend their Complaint, the Court noted this limitation and suggested that 42 U.S.C. § 1981 might provide an alternative legal theory. Doc. 9 at 3, n. 3. Despite this, the Amended Complaint references only "Title II of the Civil Rights Act of 1964." Doc. 10 at 2. As plaintiffs are proceeding *pro se*, the Court will read their original reference to "US Code 42 U.S.C. 21"[6] broadly as encompassing both Title II and § 1981 claims.[7]

---

[5] Plaintiffs' Amended Complaint does not include a prayer for relief beyond a request for the Court to "allow them to deny" a proposed settlement offer. Doc. 10 at 2. Though an Amended Complaint supersedes all prior complaints, *see Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007), the Court presumes that plaintiffs' intended their demand for damages to carry forward. As the Court's consent is not needed for a party to reject a settlement offer; however, the request for permission is **DENIED AS MOOT**.

[6] There is no such section in the United States Code. Chapter 21 of Title 42, however, does deal with civil rights, and incorporates both Title II, *see* 42 U.S.C. § 2000a, *et seq.*, and § 1981. Given the ambiguity, and the Court's obligation to construe *pro se* complaints liberally, *see Evans v. Georgia Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017), the Court construes the reference to incorporate claims under both sections.

[7] As the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915(e)(2), *Alba v. Montford*, 517 F.3d 1249, 1251 (11th Cir. 2008), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

## I. Title II Claims

Even charitably construing the Amended Complaint, plaintiffs fail to state a claim under Title II. The statute provides in relevant part that: "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). For purposes of this analysis, the Court accepts that defendant qualifies as a place of public accommodation under the statute. 42 U.S.C. § 2000a(b) & (c) ("any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises" are places of public accommodation if "it serves or offers to serve interstate travelers or a substantial portion of the food which it serves . . . has moved in commerce.").

---

Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

As noted above, the only remedy available under Title II is injunctive relief.[8] Plaintiffs, however, have not sufficiently alleged that they have Article III standing to seek an injunction. To establish standing, plaintiffs must allege that they have suffered an "injury in fact," which requires an injury that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. *Kelly v. Harris*, 331 F.3d 817, 819–20 (11th Cir. 2003). "[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974)). Rather, "in order to claim injunctive relief, a plaintiff must show 'a real or immediate threat that [he] will be wronged again—a likelihood of substantial and immediate irreparable injury.'" *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1007 (11th Cir. 1997) (quoting *Lyons*, 461 U.S. at 111).

[8] Plaintiffs do not expressly request injunctive relief. Recent Eleventh Circuit precedent suggests that improperly seeking monetary damages, rather than the relief contemplated by the statute, constitutes a failure to state a Title II claim. *See Thomas v. Murphy Oil Corp.*, 777 Fed. App'x. 377, 37980 (11th Cir. 2019) ("Plaintiff's complaint seeks only money damages, not injunctive relief. Accordingly, Plaintiff cannot—as a matter of law—state a claim for which the requested relief may be granted."). Due to plaintiffs' *pro se* status, the Court will presume that plaintiffs seek all available relief for their claims.

Plaintiffs allegations have not established their standing to seek injunctive relief. Their claim is based on a single prior occurrence in which they were denied a request to be seated in a certain area of the restaurant. They have not alleged that there is a continuing risk of disparate treatment to themselves or other African American patrons. In fact, they have not even expressed an intention to return to the restaurant. *See Kelser v. Shriners*, 2007 WL 484551, at *3 (M.D. Ala. Feb. 9, 2007) (finding that plaintiff lacked standing to bring a Title II claim where "[t]here are no allegations that the plaintiff is subject to any future harm; just allegations which support an inference of speculation of future harm); *Schley v. Rest. Co.*, 2005 WL 1705501, at *2 (M.D. Fla. July 19, 2005) (dismissing a Title II claim where plaintiff failed to seek injunctive relief or allege facts supporting the issuance of an injunction, such as a "real or immediate threat that the plaintiff will be wronged again—a likelihood of substantial and immediate irreparable injury." (internal citations omitted)). They have also not suggested that the restaurant has a policy or practice of denying seating requests or segregating patrons based on race. Therefore, plaintiffs have failed to state a claim upon which relief can be granted.

Even if they had standing, plaintiffs have failed to sufficiently plead facts supporting a Title II claim. Though the Eleventh Circuit has not expressly articulated the elements of a Title II claim, the common standard adopted by other district courts requires plaintiffs to allege that (1) they are a members of a protected class; (2) they attempted to contract for services and to afford themselves of the benefit and enjoyment of a public accommodation; (3) they were denied the right to contract for those services and, thus, were denied those benefits and enjoyments; and (4) similarly situated persons who are not members of the protected class received full benefits or enjoyment, or were treated better. *See Jackson v. Waffle House, Inc.*, 413 F.Supp.2d 1338, 1361 (N.D. Ga. 2006); *Afkhami v. Carnival Corp.*, 305 F.Supp.2d 1308, 1322 (S.D. Fla. 2004); *Paschal v. Doctors Associates*, 2017 WL 4155768, at *3 (N.D. Ohio Sept. 19, 2017); *Drake v. Mitch Rosen Extraordinary Gunleather, LLC*, 2017 WL 1076396 at*2–3 (D.N.H. Jan. 17, 2017); *Kilgore v. Providence Place Mall*, 2016 WL 3092990, at * 3 (D.R.I. Apr. 1, 2016) *Brown v. Luxor Hotel & Casino*, 2014 WL 2858488, at *2 (D. Nev. June 23, 2014); *Acey v. Bob Evans Farms, Inc.*, 2014 WL 989201, at * 7 (S.D.W. Va. Mar. 13, 2014). Plaintiffs allege they are members of a protected class and attempted to afford themselves

enjoyment of the normal benefits of the restaurant. They have not, however, alleged that they were denied those benefits. Plaintiffs concede that they were provided with a table that was essentially identical to the one requested and identify no diminishment in the quality of service they were provided. Doc. 10 at 2. They were served drinks shortly after being seated. *Id.* at 1. In fact, the Amended Complaint suggests that they were served an entire meal, for which they were not charged after complaining to management. *Id.* at 2. The only denial alleged in the Amended Complaint is the request for a specific table or seating area, which the restaurant was under no legal obligation to accommodate. *See Acey*, 2014 WL 989201 at *9 (treating African American patrons rudely and ignoring their request to be seated in the front of a restaurant was not a violation of Title II when other staff members were apologetic for the behavior and a free meal was offered).

That white patrons were seated in the area is not alone enough to demonstrate disparate treatment. As the white patrons involved were a group of three, including a child requiring a highchair, they are not an adequate comparator. *See Waffle House*, 413 F.Supp.2d 1338, at 1358 (comparators need not be identical but must share "significant material

facts"). Also, there is no indication that the group made a request to sit in a specific area of the restaurant. As plaintiffs have not established standing to seek injunctive relief nor sufficiently stated a claim for relief, their Title II claims should be **DISMISSED**.

## II. 42 U.S.C. § 1981 Claims

The Amended Complaint also fails to sufficiently allege facts supporting a § 1981 claim. To state a discrimination claim under § 1981, plaintiffs must allege "(1) that [they are members] of a racial minority; (2) that the defendant[s] intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1270 (11th Cir. 2004). As African Americans, plaintiffs are members of a racial minority and satisfy the first element. Furthermore, in attempting to dine at the restaurant, they were engaged in an activity contemplated by the statute. 42 U.S.C. § 1981(b). The Court's analysis, therefore, will focus on their allegation, or not, of defendants' discriminatory intent.

Discriminatory intent can be alleged through (1) direct evidence of discrimination; (2) pattern and practice evidence of discrimination; or (3)

circumstantial evidence of discrimination. *Waffle House, Inc.*, 413 F.Supp.2d at 1355 (citing *Afkhami*, 305 F.Supp.2d at 1320. "Direct evidence of discrimination would be evidence which, if believed, would prove the existence of a fact without inference or presumption." *Carter v. City of Miami*, 870 F.2d 578, 581–82 (11th Cir. 1989). This is "composed of only the most blatant remarks, where intent could be nothing other than to discriminate on the basis of some impermissible factor." *Schoenfeld v. Babbitt*, 168 F.3d 1257, 1266 (11th Cir. 1999) (internal quotations omitted). Even interpreting the Amended Complaint in the light most favorable to plaintiffs, there is no allegation of direct evidence of discriminatory intent.

The Amended Complaint also lacks an allegation that discriminatory treatment was the normal practice of defendants. In order to base their discrimination claim on pattern and practice evidence, plaintiffs must allege that "impermissible discrimination was the defendant's standard operating procedure." *Afkhami*, 305 F.Supp.2d, at 1321–22; *see also Int'l Broth. Of Teamsters v. United States*, 431 U.S. 324, 336 (1977) (in an employment discrimination case, plaintiff was required to show "that racial discrimination was the company's standard

operating procedure the regular rather than the unusual practice."). Though the Amended Complaint includes an alleged admission by the restaurant manager that similar incidents had previously occurred, it falls short of alleging that disparate treatment based on race is common, much less the standard practice or policy of the restaurant. Doc. 10 at 2.

As plaintiffs have not alleged discriminatory intent through either direct evidence or evidence of a pattern or practice, the Court must apply the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), to determine if a claim is supported by circumstantial evidence. *See Afkhami*, 305 F.Supp.2d at 1321; *see also Brown v. Am. Honda Motor Co., Inc.*, 939 F.2d 946, 949 (11th Cir. 1991) (applying *McDonnell Douglas* framework to claim brought under §1981). To make a *prima facie* case of intentional discrimination under the *McDonnell Douglas* framework in a denial of accommodations case, plaintiffs must allege that: "(1) they are members of a protected class; (2) they attempted to contract for certain services; (3) they were denied the right to contract for those services; and (4) such services remained

available to similarly situated persons outside the protected class."[9] *Well v. Burger King Corp.*, 40 F.Supp.2d 1366, 1368 (N.D. Fla. 1998). These elements mirror those discussed above in the context of plaintiffs' Title II claim and suffer from the same deficiencies. Specifically, plaintiffs have not alleged that they were denied the right to enjoy the accommodations provided by defendants, nor have they identified an adequate comparator. As plaintiffs have not adequately alleged discriminatory intent, their § 1981 claims should be **DISMISSED**.

## CONCLUSION

In summary, the Court **RECOMMENDS** that plaintiffs' claims under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, *et seq.*, and 42 U.S.C. § 1981 should be **DISMISSED**.[10] This report and

---

[9] Some districts have articulated this standard as a three-prong test, requiring plaintiffs to show: "(1) they are members of a protected class; (2) the allegedly discriminatory conduct concerned one or more of the activities enumerated in § 1981, i.e., the making, performance, modification, or termination of contracts, or the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship; and (3) that the defendant treated the plaintiffs less favorably with regard to the allegedly discriminatory act than the defendant treated other similarly situated persons who were outside plaintiffs' protected class." *See Carroll v. The Tavern Corp.*, 2011 WL 1102698, at *18 (N.D. Ga. Feb. 9, 2011). The Court does not find these standards to differ substantially beyond their articulation.

[10] Plaintiffs filed a Rule 26(f) Report that includes multiple irregularities and deficiencies. Of primary concern is that the report appears to have been completed without the involvement of defendants. Federal Rule of Civil Procedure 26(f) requires parties to a civil matter before the federal courts to confer early in their case on topics necessary for the establishment of a discovery schedule. Fed. R. Civ. Pro. 26(f). The

recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

---

rule also requires a report of the conference to be provided to the Court. *Id*. The report submitted by plaintiffs gives no indication that defendants were involved in its creation. Such lack of involvement is understandable as defendants are under no obligation to participate in this matter until service is perfected following the completion of the Court's § 1915(e) screening.

The report also includes the names Seth Rivera and Terry Carter as participants in the conference. No context is provided for the involvement of these individuals. If they are acting as legal counsel for plaintiffs, they must enter an appearance with the Court. Furthermore, plaintiff Bynes is not listed as a participant in the conference and did not sign the submitted report. In fact, the only signature on the Amended Complaint is that of plaintiff Paul. The Court understands that Paul is not an attorney and, therefore, cannot represent Bynes in this matter. Therefore, unless counsel is retained, Bynes must sign all submissions to the Court. Fed. R. Civ. Pro. 11(a). Were this matter to survive screening, these deficiencies must be corrected.

advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 30th day of March, 2020.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA